IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TIERRA CHERELLE IRIGOYEN MENDOZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-10-D |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, et al., | § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT DEFENDANT TDFPS'S MOTION TO DISMISS

Before the Court is the Motion to Dismiss filed by Defendant Texas Department of Family and Protective Services ("TDFPS"). [ECF 18]. Plaintiff Tierra Cherelle Irigoyen Mendoza ("Mendoza") did not file a response to the motion. This Court has reviewed the arguments and authorities set forth in the motion, as well as Mendoza's original complaint and supplemental attachments to her complaint. For the reasons explained below, the Court recommends that the Motion to Dismiss be GRANTED.

## I. BACKGROUND

This case involves Mendoza's allegations that TDFPS and two of its employees[1] removed her children from her care without factual or legal justification and on the basis of fraudulent testimony in state court by the TDFPS employees. The children were removed from Mendoza's care on November 8, 2017 and remain in the care of the State of Texas. Mendoza argues insufficient evidence of neglect existed at the state court hearing to warrant the removal of her

_____

[1] Mendoza has also sued two TDFPS employees, Sophia Munoz and Kristina Fisher, in their official and individual capacities. The two employees were served after the filing of TDFPS's Motion to Dismiss, and they have jointly filed a separate Motion to Dismiss. [ECF 39]. The Court will address the employees' Motion to Dismiss by entering a separate recommendation order.

children from her care, and further that the evidence consisted of false testimony from TDFPS

employees. Mendoza seeks injunctive relief in the form of restoration of her full parental rights

from TDFPS, as well as monetary damages for emotional distress.

## II. STANDARD OF REVIEW

TDFPS has moved to dismiss all of Mendoza's claims under Federal Rule of Civil

Procedure 12(b)(1). Specifically, TDFPS argues entitlement to Eleventh Amendment immunity

as an agency of the State of Texas.

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for

"lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for

lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008)

(quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.

1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

(1) "the complaint alone;"

(2) "the complaint supplemented by undisputed facts;" or

(3) "the complaint supplemented by undisputed facts plus the court's resolution of
disputed facts."

*King v. U.S. Dept. Of Veteran's Affairs,* 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary*

*Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof

for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l*

*Airlines, Inc.,* 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the

burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be

granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *Alviar v. Macy's Inc.*, No. 3:16-CV-1633-D, 2017 WL 4698449, at *4 (N.D. Tex. Oct. 19, 2017); *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). " 'A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction' by examining the allegations in the complaint, which are presumed to be true." *Powell v. Akin Gump Strauss Hauer Feld LLP*, No. 3:17-CV-1726-K-BH, 2018 WL 2056196, at *3 (N.D. Tex. Apr. 18, 2018) (quoting *Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998)).

### III. <u>ANALYSIS</u>

### A.  ELEVENTH AMENDMENT IMMUNITY

Eleventh Amendment immunity deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *see also K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). A waiver by Congress or a state must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. TDFPS is an agency of the State of Texas. Tex. Human Res. Code § 40.002. Thus, Mendoza must show that the State of Texas or Congress has waived Eleventh Amendment immunity for this suit.

TDFPS has not waived immunity from this lawsuit. *See Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 F. App'x. 309, 312-13 (5th Cir. 2011) (per curiam) (finding that TDFPS is a state agency that has not waived its immunity from suit and affirming dismissal due to

sovereign immunity of a Section 1983 action against TDFPS and TDFPS employees in their official capacities). Additionally, Congress has not waived Eleventh Amendment immunity under 42 U.S.C. sections 1983 or 1985. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see also Raj v. Louisiana. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

TDFPS acknowledges in its Motion to Dismiss that the *Ex Parte Young* doctrine created an exception to barring suits against states and state agencies when a plaintiff pursues injunctive relief against an employee of a state sued in their official capacity. However, that doctrine does not apply to lawsuits against the state agency itself. *See Thomas*, 427 F. App'x. at 312 (quoting *P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).[2] Because TDFPS is a state agency, plaintiff's claims against it do not come within the above exception.

### B.  MENDOZA'S FAILURE TO RESPOND TO THE MOTION TO DISMISS

As mentioned above, Mendoza did not file a response to TDFPS's Motion to Dismiss. Pursuant to Local Rule 7.1 of the Northern District of Texas, Mendoza's failure to file a response to this dispositive motion challenging the Court's jurisdiction over her case can be construed as "a representation of no opposition." *See Watson v. U.S. ex. Rel. Lerma*, 285 Fed. Appx. 140, 142 (5th Cir. 2008). As such, Mendoza has failed to meet her continuing burden to show this Court has jurisdiction over her claims against TDFPS.

---

[2] The Court again notes that Mendoza has properly served the two TDFPS employees since the filing of this Motion to Dismiss. Additionally, Mendoza does seek injunctive relief from TDFPS employees acting in their official capacities. However, the Court will address the *Ex Parte Young* doctrine as to these employees in its order addressing their separate Motion to Dismiss.

## IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss [ECF 18] filed by TDFPS be GRANTED, and TDFPS be dismissed from this lawsuit.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 6, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).