IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TIERRA CHERELLE IRIGOYEN MENDOZA, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, et al., <br><br> Defendants. | § § § § § § § § § § § § § § 2:18-CV-10-D |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT DEFENDANTS MUNOZ AND FISHER'S JOINT MOTION TO DISMISS**

Before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by Defendants Sophia Munoz ("Munoz") and Kristina Fisher ("Fisher"), employees of Texas Department of Family and Protective Services ("TDFPS"). [ECF 39]. Plaintiff Tierra Cherelle Irigoyen Mendoza ("Mendoza") did not file a response to the motion. This Court has reviewed the arguments and authorities set forth in the motion, as well as Mendoza's original complaint and supplemental attachments to her complaint. For the reasons explained below, the Court recommends that the Motion to Dismiss be GRANTED.

**I. BACKGROUND**

This case involves Mendoza's allegations that TDFPS[1] removed her children from her care without factual or legal justification and on the basis of fraudulent testimony in state court by Munoz and Fisher. The children were removed from Mendoza's care on November 8, 2017 and remain in the care of the State of Texas. Mendoza argues insufficient evidence of neglect

---

[1] Mendoza has also sued TDFPS directly, as the state agency responsible for the removal of her children. TDFPS filed its own Motion to Dismiss, and the Court will address that motion by entering a separate recommendation order.

existed at the state court hearing to warrant the removal of her children from her care and also that the evidence consisted of false testimony from Munoz and Fisher. Effectively, Mendoza is arguing Munoz and Fisher committed fraud in removing her children by providing false information to the state court responsible for entering an order affecting her parental rights. Mendoza seeks injunctive relief in the form of restoration of her full parental rights from TDFPS and monetary damages from all parties for emotional distress inflicted by the removal of her children.

## II. STANDARD OF REVIEW

Munoz and Fisher move to dismiss all of Mendoza's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, Munoz and Fisher assert entitlement to:

(1) Dismissal of this lawsuit based on Mendoza's lack of standing to bring this lawsuit;

(2) Eleventh Amendment immunity as employees of an agency of the State of Texas, that is, TDFPS;

(3) Qualified immunity based on Mendoza's failure to articulate a violation of a clearly established right by defendants;

(4) Dismissal of this lawsuit based on Mendoza's failure to state a claim for relief;

(5) Dismissal of this lawsuit based on the Domestic Relations Exception to federal jurisdiction; and

(6) Dismissal of this lawsuit based on the *Rooker-Feldman* Doctrine, limiting this Court's jurisdiction.

### A. RULE 12(b)(1)

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008)

(quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

    (1) "the complaint alone;"

    (2) "the complaint supplemented by undisputed facts;" or

    (3) "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

*King v. U.S. Dept. Of Veteran's Affairs,* 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.,* 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *Alviar v. Macy's Inc.*, No. 3:16-CV-1633-D, 2017 WL 4698449, at *4 (N.D. Tex. Oct. 19, 2017); *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). " 'A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction' by examining the allegations in the complaint, which are presumed to be true." *Powell v. Akin Gump Strauss Hauer Feld LLP*, No. 3:17-CV-1726-K-BH, 2018 WL 2056196, at *3 (N.D. Tex. Apr. 18, 2018) (quoting *Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998)).

## B.  RULE 12(b)(6)

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a district court must generally examine only the complaint and any attachments to the complaint.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A court may, however, consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim.  *Id*. at 498-99.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This determination is context-specific and requires the court to draw upon its own experience and common sense.  *Id*.  In conducting its review, a court must construe the complaint liberally, accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Although the pleading standard of Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does require more than mere labels and conclusions.  See *Iqbal*, 556 U.S. at 678.  Formulaic recitations of the elements of a cause of action will not suffice.  *See id*.  Although a court cannot dismiss a claim because it seems likely that the plaintiff will be unsuccessful, the pleadings must still be "factually suggestive" beyond mere conclusory allegations.  *Ollie v. Plano Indep. Sch. Dist*., 564 F. Supp. 2d 658, 660 (E.D. Tex. 2008).  Factual allegations must be enough "to raise a right to relief

above the speculative level" when assuming all factual allegations as pleaded are true. *Id*. (quoting *Twombly*, 550 U.S. at 555).

### C. FRAUD

The heightened pleading standards of *Twombly* and Rule 9(b) apply to pleading allegations of fraud. "In allegations alleging fraud … a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, or other conditions of a person's mind may be alleged generally." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). If a plaintiff alleges a conspiracy to commit fraud, she must still "plead with particularity the conspiracy as well as the overt acts … taken in furtherance of the conspiracy." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009). However, a district court must construe pleadings of pro se parties liberally and apply less stringent standards to them than to parties represented by counsel. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

### D. QUALIFIED IMMUNITY

Qualified immunity is a defense that protects government officials from suit when they exercise the discretionary functions of their office. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). In order to overcome a defense of qualified immunity, a plaintiff must establish that: "(1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established at the time of the challenged conduct,'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (citing *Ashcroft v. al-Kidd*, l31 S.Ct. 2074, 2080 (2011)). A plaintiff must demonstrate that the

defendant's conduct was objectively unreasonable in light of the legal rules clearly established at the time of her actions. *Thomas v. City of Dallas*, 175 F.3d 358 (5th Cir. 1999). Conclusory allegations of wrongdoing will not satisfy these requirements. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). The court may examine these factors in any order. *Pearson v. Callahan*, 555 U.S. 223 (2009) *overruling in part Saucier v. Katz*, 553 U.S. 194 (2001). It is a plaintiff's burden to present evidence that a defendant is not entitled to qualified immunity when the defense is raised. *See Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001).

Claims of qualified immunity are not judged on twenty-twenty hindsight, or in light of knowledge ascertained after an event, but by looking through the eyes of the public official, considering what that official knew about the situation at the relevant time. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Poole v. City of Shreveport*, 691F.3d 624,630 (5th Cir. 20l2). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 34l (1986). "Pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *See Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (emphasis in original omitted). If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

### III. ANALYSIS

#### A. LACK OF STANDING

The Court disagrees with Munoz and Fisher that Mendoza lacks standing to bring this

lawsuit. Standing to sue concerns whether the party before the Court "has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Save Our Cmty. v. United States EPA*, 971 F.2d 1155, 1160 (5th Cir. 1992) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972)). A three-prong test for standing has been established by the Supreme Court:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of…Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742-43 (1995). Munoz and Fisher assert that Mendoza has failed to meet the third, and possibly the first, prong of this test.

Mendoza alleges her children were removed from her care and she is being denied continual access to them. Mendoza further alleges this removal was contrary to state law and in violation of her federal constitutional rights because the investigation to remove her children and the resulting removal was based on false testimony from TDFPS employees. It is undisputed by Munoz and Fisher that Mendoza has a legally protected right to the custody of her children, unless the state is able to show that the interest is outweighed by the state's interest in protecting the well-being of the children. The removal of these children based on the alleged false allegations would create an injury in fact by the defendants.

The third standing requirement is that the injury will likely be redressed by a favorable court decision. Although payment of monetary damages and injunctive relief sought from a party without authority to return her children may not redress her concerns of regaining custody, that does not affect Mendoza's *standing* to seek damages for the alleged wrongful behavior, nor does

the argued entitlement to qualified immunity or sovereign immunity. These issues are separate from standing.

## B.  ELEVENTH AMENDMENT IMMUNITY

Eleventh Amendment immunity deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *see also K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). A waiver by Congress or a state must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. TDFPS is an agency of the State of Texas. Tex. Human Res. Code § 40.002. Thus, Mendoza must show that the State of Texas or Congress has waived Eleventh Amendment immunity for this suit.

TDFPS has not waived immunity from this lawsuit for itself *or* its employees acting in their official capacities. *See Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 F. App'x. 309, 312-13 (5th Cir. 2011) (per curiam) (finding that TDFPS is a state agency that has not waived its immunity from suit and affirming dismissal due to sovereign immunity of a Section 1983 action against TDFPS *and TDFPS employees* in their official capacities). Additionally, Congress has not waived Eleventh Amendment immunity under 42 U.S.C. § 1983, 1985. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see also Raj v. Louisiana. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Munoz and Fisher do not address either the *Ex Parte Young* doctrine or its exception to barring suits against states and state agency employees when a plaintiff pursues injunctive relief against an employee of a state sued in their individual capacity. The Court addresses the individual capacity claims against Munoz and Fisher under the other grounds for dismissal sought by defendants below.

## D. QUALIFIED IMMUNITY

In the Rule 12(b)(6) context, a qualified immunity analysis is comprised of two factors: (1) "whether the facts that a plaintiff has alleged … make out a violation of a constitutional right; and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If a court finds that either one of the two conditions do not exist, then the defendant is protected by qualified immunity. Although it is often beneficial to the court to conduct the analysis in the order listed above, doing so is not mandatory. *Id*. at 236. The Court finds that in applying this standard to Mendoza's lawsuit, Munoz and Fisher are entitled to qualified immunity.

A right is clearly established if the law is clear in a particularized sense, such that a reasonable official would be put on notice that her conduct is unlawful and violates the right in question. *Wernecke v. Garcia*, 591 F.3d 386, 391-93 (5th Cir. 2009). The constitutional-right violation alleged by Mendoza is that Munoz and Fisher provided false testimony to the state court, which resulted in the removal of Mendoza's children from her care. This alleges a violation of the constitutional right to family integrity. *See Morris v. Dearborne*, 181 F.3d 657, 666-67 (5th Cir. 1999). However, this right is not absolute; it is offset by the right of the state to "take temporary custody of children about whom they have received reports of abuse in order to guarantee their safety." *Id*. at 671.

TDFPS workers are in the position of making important decisions on behalf of the state, which has competing interests in the welfare of children (preserving the family relationship and protecting children from abuse). *See Roe v. Tex. Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 410-11 (5th Cir. 2002). Thus, the Fifth Circuit has held that the right to family integrity is not a clearly established right in all circumstances. *Dearborne*, 181 F.3d at 671; *see also*

*Hodorowski v. Ray*, 844 F.2d 1210 (5th Cir. 1988) (finding a right to family integrity is not clearly established); *Doe v. Louisiana*, 2 F.3d 1412 (5th Cir. 1993) (despite egregious conduct in the investigation by child care workers, the right to family integrity was not clearly established in all circumstances); *Kiser v. Garrett*, 67 F.3d 1166, 1167 (5th Cir. 1995) (also finding that the actions of child care workers in "misleading" the court did not constitute a violation of a clearly established right). The Court must consider this authority in finding that the alleged actions of Munoz and Fisher in providing false information that resulted in the removal of Mendoza's children from her care was not a violation of a clearly established right. Further, as discussed below in the failure to state a claim section, Mendoza has not specifically pleaded the fraud/false allegations she claims caused the violation of her constitutional rights. Thus, Munoz and Fisher are entitled to qualified immunity.

Munoz and Fisher also correctly argue that violations of state law alone are not actionable under 42 U.S.C. section 1983. *See Whitt v. Stephens Cnty.*, 236 Fed. Appx. 900, 902 (5th Cir. 2007). Therefore, any arguments by Mendoza that Munoz or Fisher violated TDFPS policies or state law mandates in removal of her children are not cognizable. *See Gagne v. City of Galveston*, 805 F.2d 558, 559-60 (5th Cir. 1996).

### E.  FAILURE TO STATE A CLAIM

As outlined above, Mendoza, despite her status as a pro se litigant, must state with specificity her claims regarding the false testimony and fraud allegedly committed by Munoz and Fisher to adequately state a claim for relief. The Court finds that Mendoza has failed to adequately plead a claim for a constitutional violation under the *Twombly*, *Iqbal*, and Rule 9(b) standards set forth above. Mendoza's complaint and supplemental documents do not set forth

particular behaviors or actions taken by Munoz or Fisher that resulted in the removal of her children.

### F.  DOMESTIC RELATIONS EXCEPTION

The Domestic Relations Exception to federal court jurisdiction divests the Court of the power to hear suits affecting "divorce, alimony, and child custody decrees," or more generally, family law matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). However, the Court disagrees with the reasoning in the Motion to Dismiss that this doctrine would divest this Court of the jurisdiction to determine if Munoz and Fisher violated Mendoza's constitutional rights separate and apart from an order reversing the state court decision to remove Mendoza's children from her custody. Although Mendoza seeks injunctive relief in the form of the return of her children, she is also seeking monetary damages for a violation of her constitutional rights. However, the *Rooker-Feldman* Doctrine, discussed below, *could* affect the Court's jurisdiction to grant the injunctive relief sought by Mendoza, but defendants do not articulate, and Mendoza has not indicated, if a *final* state court judgment removing her children has been entered.

### G.  *ROOKER-FELDMAN* DOCTRINE

The harm complained of by Mendoza is the state court removal of her children from her care. However, it is unclear from the complaint or any response filed by defendants if Mendoza is subject to a final order from the state court. Without this knowledge, the Court cannot apply the standard found in the *Rooker-Feldman* doctrine.

"If the district court is confronted with issues that are 'inextricably intertwined with a state *judgment*, the court is in essence being called upon to review the state-court decision' and the originality of the district court jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (emphasis added). However, this doctrine requires

the state court judgment to be *final* for it to apply. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If in fact a state court judgment exists as to the removal of Mendoza's children from her case, then it would appear Mendoza is now attempting to appeal that ruling here, and this Court would lack jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). It is not clear here that Mendoza has suffered the finality of a severed relationship with her children or that this lawsuit is the attempt to appeal that final order from the state court. Rather, it is possible Mendoza is attempting to challenge the temporary removal of her children. Based on the facts alleged, the Court cannot determine the applicability of this doctrine at this time. Regardless, the Court finds this lawsuit is subject to dismissal on grounds of qualified immunity and for Mendoza's failure to state a claim for relief.

### G. MENDOZA'S FAILURE TO RESPOND TO THE MOTION TO DISMISS

As mentioned above, Mendoza did not file a response to TDFPS's Motion to Dismiss. Pursuant to Local Rule 7.1 of the Northern District of Texas, Mendoza's failure to file a response to this dispositive motion challenging the Court's jurisdiction over her case can be construed as "a representation of no opposition." *See Watson v. U.S. ex. Rel. Lerma*, 285 Fed. Appx. 140, 142 (5th Cir. 2008). As such, Mendoza has failed to meet her continuing burden to show this Court has jurisdiction over her claims against Munoz and Fisher.

### IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Joint Motion to Dismiss for Lack of Jurisdiction [ECF 39] filed by Munoz and Fisher be GRANTED, and Munoz and Fisher be dismissed from this lawsuit. As all parties warrant dismissal, it is RECOMMENDED this suit be dismissed.

Plaintiff may utilize the period for filing objections either to amend her pleadings to cure her deficient claim(s) or to file objections to these Findings, Conclusions and Recommendation. If plaintiff elects to amend her pleadings, then she must fully set forth all claims and allegations in the amended pleading, not incorporating by reference any previously filed documents. An amended complaint may not necessarily overcome the analysis set forth in this decision.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 6, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS*

*Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).